GARY M. COHEN, SBN 117215
AROCLES AGUILAR, SBN 94753
HARVEY Y. MORRIS, SBN 87902
ELIZABETH M. McQUILLAN, SBN 106085
MICHAEL M. EDSON, SBN 177858
Public Utilities Commission
 of the State of California
505 Van Ness Avenue
San Francisco, CA  94102
Telephone:     (415) 703-1086
Facsimile:      (415) 703-2262

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>LORETTA M. LYNCH, HENRY M. DUQUE, CARL W. WOOD, GEOFFREY F. BROWN, and MICHAEL R. PEEVEY, in their official capacities as Commissioners of the California Public Utilities Commission,<br><br>　　　　　　　　　Defendants,<br><br>THE UTILITY REFORM NETWORK,<br><br>　　　　　　　　　Intervenor. | No. C 01-3023 VRW<br><br>**DEFENDANTS' MISCELLANEOUS ADMINSTRATIVE REQUEST TO FILE DECLARATION OF DAVID R. EFFROSS UNDER SEAL**<br><br>Date:　　　May 24, 2002<br>Time:　　　10:00 a.m.<br>Courtroom:　Hon. Vaughn R. Walker |

Pursuant to Northern District California Civil Local Rules, Rules 7-10 and 79-5, Defendants request that this Court order that the Declaration of David R. Effross lodged by Defendants in support of Defendants' Rule 56(f) Request for Continuance of Plaintiff's Motion for Summary Judgment On First and Second Claims for Relief, be filed under seal.

Defendants' request is based on the proposed Stipulation for Protective Order submitted to the Court by counsel for plaintiff Pacific Gas and Electric Company ("PG&E") on or about April 16,

2002.  A true and correct copy of the proposed Stipulation for Protective Order is attached as Exhibit A to the Declaration of Elizabeth M. McQuillan below.

The Effross Declaration contains references to the names of certain PG&E electronic files and/or PG&E's index of these files, which PG&E has designated as "Confidential Information" pursuant to sections I.D and III.B of the proposed Stipulation for Protective Order.  Section I.D defines Confidential Information as "confidential business or technical information that is not generally known and that the Furnishing Party would not normally disclose to third parties, or would cause or require third parties to maintain in confidence, that is designated as such by the Furnishing Party pursuant to section III hereof."  The electronic files and an 848-page index of these files were produced pursuant to PG&E's Initial Disclosures, and were subsequently designated by PG&E as Confidential Information pursuant to section III.B.  PG&E's designation as Confidential Information, pursuant to section V.A of the proposed Stipulation for Protective Order, requires Defendants' compliance with the requirements of Civil Local Rules 7-10 and 79-5, which provide that documents that contain or refer to Confidential Information must be lodged under seal with a motion to file the documents under seal.  Although this Court has not entered the proposed Stipulated Protective Order, Defendants are complying with the procedures of the proposed Stipulated Protective Order.

2

Defs'Req. to File Effross Decl. Under Seal
No. C 01-3023 VRW

It is not practical to excerpt the references to Confidential Information from the text of the declaration. Accordingly, Defendants respectfully request that the Declaration of David R. Effross, lodged on May 3, 2002 in support of Defendants' Rule 56(f) Request for Continuance of Plaintiff's Motion for Summary Judgment On First and Second Claims for Relief, be filed under seal.

Dated:  May 3, 2002					Respectfully submitted,

GARY M. COHEN.
AROCLES AGUILAR
HARVEY Y. MORRIS
ELIZABETH M. MCQUILLAN
MICHAEL M. EDSON

By:    /s/ Harvey Y. Morris
       _____
       Harvey Y. Morris

505 Van Ness Ave.
San Francisco, CA 94102
Phone: (415) 703-1086

Attorneys for Defendants

### **DECLARATION OF ELIZABETH M. MCQUILLAN**

I, ELIZABETH M. MCQUILLAN, declare:

1.    I am a staff attorney in the Legal Division of the California Public Utilities Commission ("the CPUC") and am one of the attorneys of record for the Defendants in this action. I have personal knowledge of the facts stated herein except as to matters stated upon information and belief, and as to those matters, I believe them to be true. If called upon to testify, I could and would competently do so.

2.    Attached hereto as Exhibit A is a true and correct copy of the proposed Stipulated Protective Order to which I agreed as one of the attorneys of record for Defendants in this action. I am informed and believe that counsel for plaintiff Pacific Gas and Electric Company ("PG&E") submitted this proposed Stipulated Protective Order to the Court on or about April 16, 2002. Previously, another form of Stipulated Protective Order had been submitted to the Court by PG&E, and in an order dated March 19, 2001, the Court indicated that the prior stipulation did not comply

1  with Civil Local Rule 79-5, which governs the filing of confidential documents with the court, and
2  the parties were directed to draft a proposed protective order in compliance with that rule.
3      3.   The Declaration of David Effross lodged by Defendants today in support of
4  Defendants' Rule 56(f) Request for Continuance of Plaintiff's Motion for Summary Judgment On
5  First and Second Claims for Relief contains references to the names and descriptions of the contents
6  of certain PG&E electronic files and/or PG&E's index for these files, which PG&E has designated as
7  "Confidential Information" pursuant to sections I.D and III.B of the proposed Stipulation for
8  Protective Order submitted to the Court on or about April 16, 2002.
9      4.   Given the substance and brevity of the Effross Declaration, it is not practical to
10 excerpt PG&E's designated Confidential Information from the text of the document.
11     I declare under penalty of perjury that the foregoing is true and correct.  Executed this
12  2nd day of May 2002, at San Francisco, California.

                                      /s/ Elizabeth M. McQuillan
                                     ELIZABETH M. MCQUILLAN


    I, HARVEY Y. MORRIS, attest pursuant to General Order 45 that I have obtained the
concurrence of Elizabeth M. McQuillan to file this declaration.
    Executed on May 3, 2002, at San Francisco, California.


                                       /s/ Harvey Y. Morris
                                      HARVEY Y. MORRIS

# EXHIBIT A

EXHIBIT A

| | |
|---|---|
| M. LAURENCE POPOFSKY (SBN 33946)<br>MARIE L. FIALA (SBN 79676)<br>THOMAS E. REIBER (SBN 162572)<br>ADAM M. COLE (SBN 145344)<br>HELLER EHRMAN WHITE & McAULIFFE LLP<br>333 Bush Street<br>San Francisco, CA  94104-2878<br>Telephone:  (415) 772-6000<br>Facsimile:  (415) 772-6268<br><br>ROGER J. PETERS (SBN 77743)<br>ROBERT BORDON (SBN 50157)<br>CHRISTOPHER J. WARNER (SBN 140915)<br>LAW DEPARTMENT<br>PACIFIC GAS AND ELECTRIC COMPANY<br>Post Office Box 7442<br>San Francisco, CA  94120<br>Telephone:  (415) 973-3842<br>Facsimile:  (415) 973-0516<br><br>Attorneys for Plaintiff<br>PACIFIC GAS AND ELECTRIC COMPANY<br><br>[SEE NEXT PAGE FOR OTHER COUNSEL] | GARY M. COHEN (SBN 117215)<br>AROCLES AGUILAR (SBN 94753)<br>HARVEY Y. MORRIS (SBN 87902)<br>ELIZABETH M. McQUILLAN (SBN 106085)<br>MICHAEL M. EDSON (SBN 177858)<br>PUBLIC UTILITIES COMMISSION OF THE STATE OF CALIFORNIA<br>505 Van Ness Avenue<br>San Francisco, CA  94102<br>Telephone:  (415) 703-1086<br>Facsimile:  (415) 703-2262<br><br>Attorneys for Defendants<br>LORETTA M. LYNCH, HENRY M. DUQUE, RICHARD A. BILAS, CARL W. WOOD, and GEOFFREY F. BROWN |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY, a California corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>LORETTA M. LYNCH, HENRY M. DUQUE, RICHARD A. BILAS, CARL W. WOOD, and GEOFFREY F. BROWN in their official capacities as Commissioners of the California Public Utilities Commission,<br><br>            Defendants. | Case No.: C 01-03023 VRW<br><br>**STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] PROTECTIVE ORDER REGARDING PRODUCTION OF DOCUMENTS AND INFORMATION** |

STIPULATION & [PROPOSED] PROTECTIVE ORDER RE PRODUCTION OF DOCUMENTS & INFORMATION —
C 01-03023 VRW

1 | ROBERT E. FINKELSTEIN (SBN 146391)
2 | RANDOLPH L. WU (SBN 78651)
  | THE UTILITY REFORM NETWORK
3 | 711 Van Ness Avenue, Suite 350
  | San Francisco, CA 94102
4 | Telephone: (415) 929-8876
  | Facsimile: (415) 929-1132

5 | MICHAEL J. STRUMWASSER (SBN 58413)
  | FREDRIC D. WOOCHER (SBN 96689)
6 | STRUMWASSER & WOOCHER LLP
  | 100 Wilshire Boulevard, Suite 1900
7 | Santa Monica, California 90401
  | Telephone: (310) 576-1233
8 | Facsimile: (310) 319-0156

9 | Attorneys for Applicant in Intervention
  | THE UTILITY REFORM NETWORK

STIPULATION & [PROPOSED] PROTECTIVE ORDER RE PRODUCTION OF DOCUMENTS & INFORMATION —
C 01-03023 VRW

WHEREAS documents, information and other materials may be furnished or disclosed in the above-captioned proceedings, which materials and information contain or constitute confidential technical and/or business information;

The parties hereto stipulate that an Order may be entered as follows:

## I.   SCOPE

This order shall be applicable to and govern documents, information, and other materials produced or furnished during the course of the above-captioned proceedings pursuant to the Federal Rules of Civil Procedure ("FRCP"), the Civil Local Rules of the Northern District of California ("Local Rules"), or otherwise, including, without limitation, documents produced pursuant to FRCP 26(a)(l), documents produced in response to requests for production, answers to interrogatories, responses to requests for admissions, depositions, and other discovery taken pursuant to the FRCP, as well as pleadings, briefs, memoranda, testimony adduced at trial, materials introduced into evidence, and all other information produced or furnished by or on behalf of any party hereto, to the extent the aforesaid contain Confidential Information as defined herein.

## II.   DEFINITIONS

A.   "Action" shall refer to the above-entitled proceedings in the United States District Court for the Northern District of California.

B.   "Furnishing Party" shall mean a party to the Action on behalf of which documents, things or information are furnished or produced during the course of the Action pursuant to the FRCP or the Local Rules, whether voluntarily or in response to requests or subpoenas for production of documents, interrogatories, requests for admissions, depositions, or any other request for discovery, or in the form of pleadings, briefs, memoranda, testimony adduced at trial, materials introduced into evidence, or other forms of information produced or furnished by or on behalf of such a party.

C.   "Receiving Party" shall mean a party to the Action to which documents, things or information are furnished or produced, whether voluntarily or in response to a request for discovery or court order, and all officers, directors or employees of such Receiving Party. Receiving Party shall also include the California Public Utilities Commission ("CPUC"), if it receives said documents, things or information.

D. "Confidential Information" shall mean confidential business or technical information that is not generally known and that the Furnishing Party would not normally disclose to third parties, or would cause or require third parties to maintain in confidence, that is designated as such by the Furnishing Party pursuant to section III hereof.

E. "Counsel" shall mean all attorneys employed by a party to this Action, including both in-house and outside counsel, as well as all secretarial, clerical and paralegal personnel assisting such counsel.

F. "Technical Advisor" shall mean any person other than Counsel who is employed, retained or sought to be retained by or on behalf of a party to the above captioned proceedings to advise or assist in the preparation or presentation of the party's case in this matter, including but not limited to expert witnesses and consultants, and all secretarial and clerical personnel assisting such persons.

### III. DESIGNATION OF INFORMATION

A. Documents, information, and other material produced or furnished during the course of the Action including, without limitation, documents, information and material produced (i) pursuant to the FRCP or Local Rules, (ii) in response to requests for production of document, answers to interrogatories, responses to requests for admissions or responses to subpoenas, (iii) during depositions, or (iv) in pleadings, briefs, transcripts, declarations, or exhibits may be designated as containing Confidential Information, prior to producing or furnishing the documents or things, by placing on each page and each thing to which the designation applies a legend substantially as follows:

> [Name of Furnishing Party] CONFIDENTIAL INFORMATION.
> SUBJECT TO PROTECTIVE ORDER, CONFIDENTIALITY AGREEMENT,
> AND/OR OTHER PROTECTION.  PUBLIC DISCLOSURE PROHIBITED.

Alternatively, a legend stating in words or in substance that a document is confidential pursuant to California Public Utilities Code § 583 shall have the same effect.  With respect to information produced in electronic form, substantially the same designation shall be affixed to the medium on which the information is provided.

This designation shall be made by the Furnishing Party based on its good faith determination that such designation applies.

B.  If the Furnishing Party makes original documents or other material available for inspection and copying, it shall have the option to require that such documents and things or portions thereof be treated as Confidential Information during inspection and to make its designations of particular documents and things pursuant to paragraph A of this Section at the time copies of documents and any other materials are produced or furnished.

C.  For information presented orally at deposition, the designation may be made on the record through the Furnishing Party's request that specific information in response to questions be designated by the deposition reporter as "Confidential Information — Subject to Protective Order."  For information presented at a Court hearing or trial, the submitting party shall comply with the provisions of Section V.B below regarding treatment of Confidential Information at Court hearings or trial.  Any Receiving Party may contest the designation pursuant to Section VII below.  Furthermore, each transcript of a deposition session of a party's witness shall be considered Confidential Information under this Protective Order for 30 days after receipt of the deposition transcript by the Furnishing Party to permit the Furnishing Party to review the transcript and designate any information disclosed therein as Confidential Information.  Thereafter, the transcript will no longer be deemed Confidential Information for purposes of the applicable Protective Order, except to the extent so designated at the deposition or in a written notice transmitted to all parties within such 30-day period.  Where any portion of a transcript is designated as Confidential Information the parties shall, where practicable, inform the reporter precisely which portions of the transcript should be marked accordingly.

### IV.  DISCLOSURE OF CONFIDENTIAL INFORMATION

A.  Confidential Information shall be used solely for the purpose of conducting this litigation and for no other purpose whatsoever.

B.  Except as provided under paragraph C of this Section IV, Confidential Information may be disclosed to the Receiving Party's Counsel, and may be disclosed by such Counsel only to:

(1)  Technical Advisors of the Receiving Party who agree, prior to such disclosure, to be bound by the terms of this Stipulation and Order and so agree by executing the Agreement to Be Bound by Protective Order attached hereto as "Exhibit A";

(2)  Officers, directors, and employees of the Receiving Party;

3

(3) Independent contractors engaged in one or more aspects of organizing, copying, imaging, filing, coding, converting, storing or retrieving data, documents, or other information, or designing programs for handling data connected with this litigation, provided that any such persons agree, prior to such disclosure, to be bound by the terms of this Stipulation and Order and so agree by executing the Agreement to Be Bound by Protective Order attached hereto as "Exhibit A";

(4) The Court and members of the staff of the Court whose functions necessitate access to Confidential Information, subject to the procedures set forth in paragraphs V, A through B, inclusive, hereof; and

(5) Qualified court reporters taking testimony in the above-captioned proceedings, and necessary stenographic and clerical personnel thereof.

The execution of an Agreement to Be Bound by Protective Order by any officer or employee of the CPUC and the consent by any such officer or employee to personal jurisdiction by the Court for purposes of enforcing this Protective Order shall not be deemed to be a waiver of any rights of the CPUC or any officers or employees thereof under the Eleventh Amendment of the United States Constitution.

C. No person to whom Confidential Information has been provided pursuant to the provisions of this Protective Order may disclose such Confidential Information to any persons not included in paragraph B of this Section IV, except pursuant to a Court order or a stipulation by the Furnishing Party in writing.

**V.   USE OF CONFIDENTIAL INFORMATION**

A. If a party other than the Furnishing Party seeks to file with the Court a document containing or referring to Confidential Information, the submitting party shall lodge the document with a request to file under seal in compliance with the procedures and requirements specified in Civil Local Rules 79-5 and 7-10. Lodging of a document or the request to file the document under seal by a Receiving Party shall not constitute a waiver by the Receiving Party of its right to challenge the designation as Confidential Information. If a party seeks to file with the Court a document containing or referring to its own Confidential Information, that party may, at its discretion, lodge the document with a

4
STIPULATION & [PROPOSED] PROTECTIVE ORDER RE PRODUCTION OF DOCUMENTS & INFORMATION —
C 01-03023 VRW

request to file under seal in compliance with the procedures and requirements specified in Civil Local Rules 79-5 and 7-10, or, alternatively, file the document without a request to seal.

B. If a party intends to submit Confidential Information of another party at any hearing or at trial, the parties agree to meet and confer in good faith prior to the hearing or trial to establish procedures for the use of such Confidential Information at the hearing or trial.

C. All documents and copies of documents, made, drafted or prepared by or on behalf of a Receiving Party, including, without limitation, attorney notes or abstracts or other derivative documents or things that contain Confidential Information, shall be handled as if they were designated pursuant to Section III.A hereof.

D. All persons receiving Confidential Information (1) shall maintain all documents and things containing Confidential Information in a secure place that is reasonably inaccessible to anyone other than those persons authorized under this Protective Order to receive such information; and (2) shall take reasonable steps to ensure that such information is not disclosed to such other persons.

E. Confidential Information shall not be copied or reproduced for use in this Action except to the extent such copying or reproduction is reasonably necessary to the conduct of this Action, and all such copies or reproductions shall be subject to the terms of this Order. If the duplicating process by which copies or reproductions of Confidential Information are made does not preserve the confidentiality designation that appears on the original documents, all such copies or reproductions shall be stamped with the designation prescribed in Section III.A hereof.

F. Documents and any other materials containing Confidential Information may be shown to a witness to examine or cross-examine the witness during a deposition or trial in circumstances only where the disclosure of the Confidential Information is directly relevant to the subject of examination, but the witness shall not be permitted to retain any such documents or things or any copies thereof (except for the purpose of reviewing the transcript of his or her deposition in connection with its correction or execution), unless the witness is otherwise authorized under this Section to receive such information or signs an undertaking substantially in the form of Exhibit A hereto agreeing to abide by the terms of this Protective Order.

G.  In the event of an inadvertent disclosure of Confidential Information of another party, the party making the inadvertent disclosure shall upon learning of the disclosure:

(1) immediately notify the person or entity to whom the disclosure was made that it contains Confidential Information subject to this Protective Order;

(2) immediately make all reasonable efforts to preclude further dissemination or use by the person or entity to whom disclosure was inadvertently made; and

(3) immediately notify the Furnishing Party of the identity of the person(s) or entity to whom disclosure was inadvertently made, the circumstances of the disclosure, and the steps taken to prevent the dissemination or use of the Information.

Nothing in this Stipulation and Protective Order shall be construed to require sanctions or punishment for any inadvertent disclosure of such information designated as Confidential Information.

## VI.  INADVERTENT FAILURE TO DESIGNATE

A.  Inadvertent failure to designate documents or other information as Confidential Information at the time of production may be remedied by supplemental written notice. If such notice is given, the identified materials shall thereafter be fully subject to this Protective Order as if they initially bad been designated as Confidential Information. The Furnishing Party's inadvertent or unintentional disclosure of Confidential Information, without the confidentiality designation, shall not be deemed a waiver in whole or in part of its claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto, on the same or related subject matter.

B.  Any such inadvertently or unintentionally disclosed Confidential Information shall be designated as soon as reasonably possible after the Furnishing Party becomes aware of the inadvertent or unintentional disclosure. Counsel for the Receiving Parties shall thereafter:

(1) use reasonable efforts to retrieve all such particular documents, things or information and all copies thereof from any persons not authorized by this Order to receive such materials;

(2) mark the particular documents, things or information, and all copies thereof, with the appropriate legend as set forth in Section III.A hereof, provided, however, that

|   | if said marking shall require substantial effort on the part of the Receiving Party, it may immediately notify the Furnishing Party and permit it to so mark said inadvertently or unintentionally disclosed Confidential Information; and |
|---|---|
| (3) | treat the document, thing or information, all copies thereof, and any notes or other documents incorporating such information in accordance with the designation. |

### VII.   CHALLENGES TO DESIGNATION

A.   If any dispute arises concerning whether information designated by the Furnishing Party should in fact be considered Confidential Information for the purposes of this Protective Order, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be so resolved, the party challenging the designation may, not earlier than five (5) business days after providing written notice to the Furnishing Party, file a motion with the Court seeking a determination that the information was not properly designated. The party designating information as confidential bears the burden of establishing the confidentiality of such information. Prior to the determination of such motion, the disputed information shall be treated by the parties as though it were properly designated.

B.   Nothing contained herein shall constitute an admission by any party that any information designated by another person or entity as Confidential Information is in fact confidential information.

C.   The restrictions with respect to Confidential Information set out in this Stipulation and Protective Order shall not apply to any information which:

(1)   at the time of the disclosure hereunder was available to the public;

(2)   after disclosure hereunder becomes available to the public through no act or failure to act of any Receiving Party; or

(3)   the Receiving Party can show:

   a.   was independently developed by the Receiving Party from a source other than the Furnishing Party; or

   b.   was received by the Receiving Party, after the time of receipt hereunder, from a third party having the right to make such disclosure; or

   c.   was already known to or previously discovered by the Receiving Party.

7

## VIII.   CONCLUSION OF LITIGATION

A. No later than two (2) months after the final termination of the Action, including the exhaustion of any appeals and cross-appeals, each person or party subject to the terms of this Protective Order shall upon written request of the Furnishing Party either (1) return all Confidential Information to each Furnishing Party (except to the extent such designated information is maintained on electronic media, and cannot be returned, in which case such designated information shall be erased or otherwise destroyed), or (2) destroy all Confidential Information produced by other parties in the Action.  Any such destruction of any Confidential Information shall be confirmed in writing within such two-month period by the party destroying such documents.  Nothing herein shall obligate any person or party to destroy (i) attorney work product, including, without limitation, attorney notes or memos; (ii) any transcript of any deposition, hearing, or trial proceeding; or (iii) any pleading or paper served on another party or filed with the Court in the Action.  This Court shall retain jurisdiction over the Action, following its termination (whether by judgment, settlement, or otherwise) for the purpose of enforcing this Protective Order.

## IX.   AMENDMENTS OR MODIFICATIONS

A. This Protective Order may be amended by agreement of counsel for the parties to this Order and approval of the Court in the form of a stipulation that shall be filed with the Court.  Any party may, on motion and for good cause shown, apply to the Court for modification of this Protective Order.

B. This Stipulation and Protective Order shall become effective immediately upon its execution by the parties to this Protective Order.

C. Nothing in this Stipulation and Protective Order is intended to or does preclude the entry of additional protective orders in the Action, if such additional protective orders are necessary.

D. Nothing in this Stipulation and Protective Order is intended to affect the CPUC's legal rights of access to and use of information in fulfilling its constitutional and statutory duties, where such information was and is obtained outside the context of the Action.

8
STIPULATION & [PROPOSED] PROTECTIVE ORDER RE PRODUCTION OF DOCUMENTS & INFORMATION —
C 01-03023 VRW

STIPULATED TO AND AGREED:

DATED: April 18, 2002           HELLER EHRMAN WHITE & McAULIFFE LLP


By /s/ Adam M. Cole
   ADAM M. COLE
   Attorneys for Plaintiff
   PACIFIC GAS AND ELECTRIC COMPANY

DATED: April 18, 2002           PUBLIC UTILITIES COMMISSION OF THE STATE OF CALIFORNIA


By /s/ Elizabeth M. McQuillan
   ELIZABETH M. McQUILLAN
   Attorneys for Defendants LORETTA M. LYNCH,
   HENRY M. DUQUE, RICHARD A. BILAS,
   CARL W. WOOD, and GEOFFREY F. BROWN

DATED: April 18, 2002           THE UTILITY REFORM NETWORK


By /s/ Randolph L. Wu
   RANDOLPH L. WU
   Attorneys for Applicant in Intervention
   THE UTILITY REFORM NETWORK

    I hereby attest that I have been authorized by the above parties to execute this Stipulation and Proposed Protective Order Regarding Production of Documents and Information.

    Executed this 18th day of April, 2002, at San Francisco, California.

By   /s/ Adam M. Cole
     Adam M. Cole

9

STIPULATION & [PROPOSED] PROTECTIVE ORDER RE PRODUCTION OF DOCUMENTS & INFORMATION —
C 01-03023 VRW

**ORDER**

Based upon the foregoing Stipulation for Protective Order, and good cause appearing therefor, IT IS SO ORDERED.

DATED: _____, 2002

Honorable Vaughn R. Walker
UNITED STATES DISTRICT JUDGE

10
STIPULATION & [PROPOSED] PROTECTIVE ORDER RE PRODUCTION OF DOCUMENTS & INFORMATION —
C 01-03023 VRW

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, the undersigned, _____ (print or type name), of _____ (business/residence address) hereby acknowledge that I have received a copy of the Stipulation for Protective Order and Protective Order (the "Order") entered on _____, 2002, in the matter entitled *Pacific Gas and Electric Company v. Lynch, et al.*, United States District Court, Northern District of California (the "Court"), Case No. C 01-03023 VRW.  I have read and understand the Order and agree to be bound by all the provisions thereof, and to hold in confidence any information disclosed to me pursuant to the terms of the Order.

I consent to personal jurisdiction over me by the Court for purposes of enforcing the Order.  My consent to personal jurisdiction over me by the Court for purposes of enforcing the Order shall not be deemed to be a waiver of any rights of the California Public Utilities Commission ("CPUC"), me or any other officer or employee of the CPUC under the Eleventh Amendment of the United States Constitution.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this Agreement was executed on this _____ day of _____, 2002, at _____.

1

STIPULATION & [PROPOSED] PROTECTIVE ORDER RE PRODUCTION OF DOCUMENTS & INFORMATION —
C 01-03023 VRW