M. LAURENCE POPOFSKY (SBN 33946)
MARIE L. FIALA (SBN 79676)
THOMAS E. REIBER (SBN 162572)
ADAM M. COLE (SBN 145344)
HELLER EHRMAN WHITE & McAULIFFE LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

ROGER J. PETERS (SBN 77743)
ROBERT BORDON (SBN 50157)
CHRISTOPHER J. WARNER (SBN 140915)
LAW DEPARTMENT
PACIFIC GAS AND ELECTRIC COMPANY
Post Office Box 7442
San Francisco, CA 94120
Telephone: (415) 973-3842
Facsimile: (415) 973-0516

Attorneys for Plaintiff
PACIFIC GAS AND ELECTRIC COMPANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>LORETTA M. LYNCH, HENRY M. DUQUE, CARL W. WOOD, GEOFFREY F. BROWN and MICHAEL R. PEEVEY, in their official capacities as Commissioners of the California Public Utilities Commission,<br><br>Defendants. | Case No.: C 01-03023 VRW<br><br>**PLAINTIFF PACIFIC GAS AND ELECTRIC COMPANY'S EVIDENTIARY OBJECTIONS AND REQUEST TO STRIKE DECLARATIONS SUBMITTED BY DEFENDANTS AND TURN IN SUPPORT OF MOTIONS FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: May 24, 2002<br>Time: 10:00 a.m.<br>Judge: Hon. Vaughn R. Walker<br>Dept.: Courtroom 6, 17th Floor<br><br>[Filed concurrently with: (1) Memo of Points and Authorities; (2) Supp. Req. For Jud. Notice; (3) Supp. Decl. of M. Christie McManus; (4) Supp. Decl. of Kermit R. Kubitz] |

**INTRODUCTORY STATEMENT**

In the declarations submitted in support of their respective Motions for Summary Judgment, defendants and applicant in intervention The Utility Reform Company ("TURN") have failed to comply with the requirement of Rule 56(e) of the Federal Rules of Civil Procedure that "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Accord*, Local Rule 7.5(b) ("Declarations shall contain only facts."). Plaintiff Pacific Gas and Electric Company ("PG&E") therefore respectfully requests that the Court sustain the evidentiary objections set forth below, strike those inadmissible portions of defendants' and TURN's declarations from the record, and decline to consider them in resolving the pending Motions for Summary Judgment. *Orr v. Bank of Am., NT&SA*, No. 00-16509, 2002 US App. LEXIS 3418 at *9 (9th Cir. March 5, 2002) ("A trial court can only consider admissible evidence in ruling on a motion for summary judgment.").

**I.    GENERAL OBJECTIONS**

1.    Because the declarations largely derive their conclusions not from personal knowledge but from inferences and information they apparently have drawn from documents or other second-hand sources, the declarants lack personal knowledge and their testimony is inadmissible. *See* FED. R. CIV. PROC. 56(e); *United States v. Kupau*, 781 F.2d 740, 745 (9th Cir. 1986) ("'A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter'") (quoting FED. R. EVID. 602); *United States v. Owen,* No. 84-5015, 1986 U.S. App. LEXIS 23793, at *7 (9th Cir. Apr. 8, 1986) ("Personal knowledge of a fact cannot be based upon the statement of another."); *Pos-A-Traction, Inc. v. Kelly-Springfield*, 112 F. Supp. 2d 1178, 1182 (C.D. Cal. 2000) ("declarant must show actual, personal knowledge of the relevant facts"); *Taylor v. List*, 880 F.2d 1040, 1045 n.3 (9th Cir. 1989) (statements made on information and belief do not raise a triable issue sufficient to defeat summary judgment); *Bank Melli Iran v. Phalavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (declarations opposing summary judgment made without personal knowledge entitled to "no weight").

2.    Both the Long and Freedman Declarations calculate certain figures based on

1

"PG&E's own reports," without providing any meaningful explanation of what data in the reports were utilized or how the computations were made. Thus the testimony lacks foundation and is inadmissible. *See* FED. R. CIV. P. 56(e); Local Rule 7-5(b); FED. R. EVID. 602, 701. *See also United States v. Nicholson,* No. CV-F-908-6407-OWW-LJO, 2000 U.S. Dist. LEXIS 11028, at *4-5 (E.D. Cal. July 11, 2000) (finding evidentiary problems with a declaration by an IRS Special Procedures Advisor which did not establish foundation as to her job, experience, amount of tax assessments or calculation of those assessments).

Moreover, PG&E's Lead Director of Regulatory Relations, M. Christie McManus, who has overall responsibility for the preparation and filing of the regulatory reports referenced by defendants and TURN has reviewed the Long and Freedman Declarations and finds them deeply flawed. *See* Supplemental Declaration of M. Christie McManus ("Supp. McManus Decl."). Ms. McManus identifies the following major deficiencies:

(a) **The $14.4 Billion "Revenue" Figure:** Defendants and TURN assert that PG&E has recorded certain revenues to its TCBA totaling some $14.4 billion from various sources since January 1998, which amounts were available to pay for PG&E's wholesale procurement costs. Because the declarants do not specify how that figure was derived, Ms. McManus is unable to reconstruct it with certainty. However, based on her familiarity with PG&E's Transition Cost Balancing Account ("TCBA") reports, she believes that she understands how defendants and TURN arrived at that figure, which she states is both incorrect and misleading, for the following reasons.

(b) Some $8.543 billion of the $14.4 billion figure apparently is made up of revenues that PG&E recorded for sales of power from PG&E's nuclear generating facilities and QF contracts. (PG&E is required by law to buy power from independent QF generators, which it then re-sells on a wholesale basis.) However, declarants have neglected to account for the fact that it cost PG&E $8.8 billion to generate or procure the power for which it received the $8.543 billion in revenue. Supp. McManus Decl. ¶ 13. Only $5.6 billion out of the $14.4 billion represents revenues in excess of costs.

(c) An additional $4.8 billion of the $14.4 billion figure represents amounts that

2

PG&E has recorded as revenues from its sales of electricity as a generator into the PX and ISO markets, for which PG&E has not been paid. These transactions represent real sales of electricity for which PG&E is entitled, to be paid, and which PG&E carries as a receivable in its accounts. *Id*. ¶¶ 9, 13-14. When these paper revenues are also netted out, only $829 million of actual revenue remains out of the $14.4 billion.

3. The graphic presentations appended to TURN's declaration are premised on the underlying testimony identified in General Objection No. 2 above, which is inadmissible for lack of foundation and lack of personal knowledge. Built upon this faulty foundation, the graphic presentations thus are inadmissible for these same reasons. Moreover, the graphic presentation are inadmissible for the additional reason that they are inaccurate and misleading, even assuming the supposed "data" upon which they are based was admissible and accurate. For example, Ms. McManus clearly demonstrates that Exhibit A to the Freedman Decl., purporting to show PG&E's stranded cost recoveries and wholesale costs undercollection, is misleadingly presented in graphic form. In addition, the declarant has effectively double-counted the headroom PG&E has recorded since April 2001, a serious error. Supp. McManus Decl. ¶ 16. Exhibit B also is presented in a way that it extremely misleading and inaccurate. Specifically, the "stranded cost" shaded area amounts to roughly $41 billion, and the "undercollection" shaded area corresponds to roughly $15 billion; those figures have no relationship to anything in this case, and thus are irrelevant. Exhibit C, purporting to show PG&E's stranded cost recovery net of procurement cost recovery, incorporates the incorrect information from Exhibits A and B and therefore also is incorrect and inadmissible. *Id. See* FED. R. CIV. P. 56(e); Local Rule 7-5(b); FED. R. EVID. 602, 701.

For these reasons, which are set forth specifically below with respect to each of the declarations, portions of each of defendants' and TURN's declarations are objectionable and inadmissible, and should be stricken.

**II.    SPECIFIC OBJECTIONS TO DECLARATION OF MATTHEW FREEDMAN**

**1.    ¶ 8**

PG&E objects that the phrases "stranded cost collections" and "CPUC's own results" are vague, ambiguous, and conclusory. PG&E further objects to this paragraph on the ground that the

3

declarant lacks personal knowledge about the revenues received by PG&E or the costs incurred by PG&E, but instead bases his statements and conclusions on an apparent interpretation of second-hand documentary evidence. This testimony therefore lacks foundation and is inadmissible. *See* General Objection No. 1.

**2.     ¶ 9**

PG&E objects that the phrase "stranded cost collection" is vague, ambiguous, and conclusory. PG&E further objects to this paragraph on the ground that the declarant lacks personal knowledge of PG&E's sources of revenue, but instead bases his statements and conclusions on inferences drawn from documents or other second-hand sources. This testimony therefore lacks foundation and is inadmissible. *See* General Objection No. 1.

**3.     ¶ 10**

PG&E objects that the phrases "net collection," "stranded costs," and "stranded cost collections" are vague, ambiguous, and conclusory. PG&E further objects to this paragraph on the ground that the declarant lacks personal knowledge of the underlying information upon which he purports to "determine PG&E's net collection of stranded costs," but instead bases his statements and conclusions on an apparent interpretation of second-hand documentary evidence. This testimony therefore lacks foundation and is inadmissible. *See* General Objection No. 1.

**4.     ¶ 11**

PG&E objects that paragraph 11 is vague, ambiguous and conclusory in its entirety as to the terms and phrases used therein, as well as the conclusions the declarant purports to draw. PG&E further objects that the declarant lacks personal knowledge of the underlying information upon which he purports to base his conclusions, but instead bases his statements and conclusions on an apparent interpretation of second-hand documentary evidence and other unidentified sources. This testimony therefore lacks foundation and is inadmissible. *See* General Objection Nos. 1, 2.

**5.     ¶ 12 and Exhibit A**

PG&E objects that paragraph 12 and Exhibit A are vague, ambiguous and conclusory in their entirety as to the terms and phrases used therein, as well as the conclusions the declarant purports to draw. PG&E further objects to this testimony and to Exhibit A on the ground that the

4

declarant fails to demonstrate that he has any personal knowledge about the revenues received by PG&E or the costs incurred by PG&E, but instead bases his statements and conclusions on an apparent interpretation of second-hand documentary evidence. PG&E further objects that the declarant fails to explain, even in the most minimalist way, how the discrete data underlying his calculations of PG&E's "stranded cost collections" and wholesale power purchase undercollections were derived nor how the calculations themselves were performed. In addition, Exhibit A, which apparently is intended to depict this data, presents this information in an inaccurate and misleading fashion. The declarant has made no showing whatsoever that Exhibit A is a fair and accurate summary of the data it purports to depict. Lacking such foundation, the testimony and Exhibit A are inadmissible. *See* General Objection Nos. 1-3.

### 6.   ¶ 13 and Exhibit B

PG&E objects that paragraph 13 and Exhibit B are vague, ambiguous and conclusory in their entirety as to the terms and phrases used therein, as well as the conclusions the declarant purports to draw. PG&E further objects to this testimony and to Exhibit B on the ground that the declarant fails to demonstrate that he has any personal knowledge about the revenues received by PG&E or the costs incurred by PG&E, but instead bases his statements and conclusions on an apparent interpretation of second-hand documentary evidence. PG&E further objects that the declarant fails to explain, even in the most minimalist way, how the discrete data underlying his calculations of PG&E's "stranded cost collections" and wholesale power purchase undercollections were derived nor how the calculations themselves were performed. In addition, Exhibit B, which apparently is intended to depict this data, presents this information in an inaccurate and misleading fashion. The declarant has made no showing whatsoever that Exhibit B is a fair and accurate summary of the data it purports to depict. Lacking such foundation, the testimony and Exhibit B are inadmissible. *See* General Objection Nos. 1-3.

### 7.   ¶ 14 and Exhibit C

PG&E objects that paragraph 14 and Exhibit C are vague, ambiguous and conclusory in their entirety as to the terms and phrases used therein, as well as the conclusions the declarant purports to draw. PG&E further objects to this testimony and to Exhibit C on the ground that the

declarant fails to demonstrate that he has any personal knowledge about the revenues received by PG&E or the costs incurred by PG&E, but instead bases his statements and conclusions on an apparent interpretation of second-hand documentary evidence. PG&E further objects that the declarant fails to explain, even in the most minimalist way, how the discrete data underlying his calculations of PG&E's "stranded cost collections" and wholesale power purchase undercollections were derived nor how the calculations themselves were performed. In addition, Exhibit C, which apparently is intended to depict this data, presents this information in an inaccurate and misleading fashion. The declarant has made no showing whatsoever that Exhibit C is a fair and accurate summary of the data it purports to depict. Lacking such foundation, the testimony and Exhibit C are inadmissible. *See* General Objection Nos. 1-3.

### 8.   ¶ 15

PG&E objects to paragraph 15 on the ground that it lacks foundation, and is otherwise vague, ambiguous and conclusory in its entirety. Furthermore, as the declarant purports to draw a summary conclusion based on his prior testimony, PG&E incorporates by reference each and every one of its objections to preceding paragraphs 8 through 14. *See* General Objection Nos. 1-3.

### III.   SPECIFIC OBJECTIONS TO DECLARATION OF DOUGLAS LONG

### 1.   ¶ 19

PG&E objects to paragraph 19 on the ground that the declarant's statements that "But for electric restructuring, PG&E's rates were expected to go down after 1996" and that "PG&E has collected substantial amounts of money since 1996 as a result of electric restructuring . . . that it would not otherwise have collected to date" are vague, ambiguous, and conclusory. PG&E further objects that the declarant lacks personal knowledge of the monies actually collected by PG&E or the causes therefore. This testimony therefore lacks foundation and is inadmissible. *See* General Objection No. 1.

### 2.   ¶ 32

PG&E objects that the phrases "certain inequitable and unintended results," "losses," and "profits" are vague and ambiguous as used. PG&E further objects on the ground that the declarant lacks personal knowledge about PG&E's application of its revenues with respect to the Transition

6

1  Revenue Account ("TRA") or TCBA, but instead bases his statements and conclusions on an
2  apparent interpretation of second-hand documentary evidence.  This testimony therefore lacks
3  foundation and is inadmissible.  *See* General Objection No. 1.

**3.    ¶ 34**

PG&E objects that the phrase "money PG&E has paid to itself" is vague, ambiguous and conclusory.  PG&E further objects that the declarant lacks personal knowledge of the monies actually collected by PG&E or "paid to itself" by PG&E, but instead bases his statements and conclusions on an apparent interpretation of second-hand documentary evidence.  This testimony therefore lacks foundation and is inadmissible.  *See* General Objection Nos. 1, 2.

**4.    ¶ 37**

PG&E objects that the phrase "stranded cost recovery" is vague, ambiguous and conclusory. PG&E further objects that the declarant lacks personal knowledge of the matters set forth therein, but instead bases his statements and conclusions on an apparent interpretation of second-hand documentary evidence.  PG&E further objects on the ground that the declarant fails to explain how he derived the discrete data underlying the calculations of PG&E's potential stranded cost recovery, headroom revenues, gains on divested generation assets, revenues from its nuclear generating facilities and QF contracts, and net generation revenues from PG&E's other generating facilities received since 1998.  Nor does the declarant establish how these calculations were performed. Lacking such foundation, this testimony is inadmissible.  *See* General Objection Nos. 1, 2.

## CONCLUSION

For all of the foregoing reasons, PG&E requests that its objections to the Declarations of Matthew Freedman and Douglas Long be sustained, and that the inadmissible portions of those declarations be stricken by the Court.

DATED:  May 3, 2002

Respectfully submitted,

HELLER EHRMAN WHITE & McAULIFFE LLP

By   /s/ Marie L. Fiala
    MARIE L. FIALA
    Attorneys for Plaintiff
    PACIFIC GAS AND ELECTRIC COMPANY

7