M. LAURENCE POPOFSKY (SBN 33946)
MARIE L. FIALA (SBN 79676)
THOMAS E. REIBER (SBN 162572)
ADAM M. COLE (SBN 145344)
HELLER EHRMAN WHITE & McAULIFFE LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

ROGER J. PETERS (SBN 77743)
ROBERT BORDON (SBN 50157)
CHRISTOPHER J. WARNER (SBN 140915)
LAW DEPARTMENT
PACIFIC GAS AND ELECTRIC COMPANY
Post Office Box 7442
San Francisco, CA 94120
Telephone: (415) 973-3842
Facsimile: (415) 973-0516

Attorneys for Plaintiff
PACIFIC GAS AND ELECTRIC COMPANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

PACIFIC GAS AND ELECTRIC COMPANY, a California corporation,

Plaintiffs,

v.

LORETTA M. LYNCH, HENRY M. DUQUE, CARL W. WOOD, GEOFFREY F. BROWN and MICHAEL R. PEEVEY, in their official capacities as Commissioners of the California Public Utilities Commission,

Defendants.

Case No.: C 01-03023 VRW

**PLAINTIFF PACIFIC GAS AND ELECTRIC COMPANY'S EVIDENTIARY OBJECTIONS AND REQUEST TO STRIKE DECLARATIONS SUBMITTED BY DEFENDANTS AND TURN IN SUPPORT OF OPPOSITIONS TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON FIRST AND SECOND CLAIMS FOR RELIEF**

Date: May 24, 2002
Time: 10:00 a.m.
Judge: Hon. Vaughn R. Walker
Dept.: Courtroom 6, 17th Floor

[Filed concurrently with: (1) Reply Memo of Points and Auths.; (2) Reply to Opp. to Req. For Jud. Notice; (3) 2nd Supp. Decl. of M. Christie McManus]

## INTRODUCTORY STATEMENT

In the declarations submitted in opposition to Plaintiff Pacific Gas and Electric Company's ("PG&E") Motion for Summary Judgment on First and Second Claims for Relief, defendants and applicant in intervention The Utility Reform Company ("TURN") have failed to comply with the requirement of Rule 56(e) of the Federal Rules of Civil Procedure that "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Accord*, Local Rule 7.5(b) ("Declarations shall contain only facts."). PG&E therefore respectfully requests that the Court sustain the evidentiary objections set forth below, strike those inadmissible portions of defendants' and TURN's declarations from the record, and decline to consider them in resolving the pending Motions for Summary Judgment. *Orr v. Bank of Am., NT&SA*, No. 00-16509, 2002 US App. LEXIS 3418 at *9 (9th Cir. March 5, 2002) ("A trial court can only consider admissible evidence in ruling on a motion for summary judgment.").

## I. GENERAL OBJECTIONS

1. The Defendants' and TURN's declarations are replete with legal assumptions, legal conclusions, and legal opinions. For example, the Declaration of Peter Bradford, submitted by TURN, includes statements arguing the proper application of the filed rate doctrine, the meaning of the prohibition against retroactive ratemaking, the scope of statutory and constitutional recovery of stranded costs, and the legislative intent behind state statutes. *See* Bradford Decl. ¶¶ 5, 7, 13, 15. These subjects, to the extent that they have any bearing on the motion, are issues of law, which are reserved for the Court. They are not proper subjects for a fact declaration. *See G.E. Co. v. Pan Ocean Shipping Co., Ltd.*, 23 F.3d 1498, 1507 n.7 (9th Cir. 1994) (granting motion to strike an affidavit that constituted legal argument, including a purported explanation of the legislative history of a statute, and "condemn[ing] the practice of attempting to introduce law as evidence"; "[b]ecause the interpretation of legislative history and the application of a statute to a particular case are uniquely questions for the court, we strike the affidavits from the record"). Furthermore, the testimony of individuals such as Mr. Bradford and TURN attorney Michel P. Florio does not provide competent evidence of legislative intent. *See Hertzberg v. Dignity Partners, Inc.*, 191 F.3d 1076, 1082 (9th Cir. 1999) ("This circuit relies on official committee reports when considering legislative history, not stray comments by individuals or other materials unrelated to the statutory language or committee reports.").

2. Because the declarations largely derive their conclusions not from personal knowledge but from inferences and information they apparently have drawn from documents or other second-hand sources, the declarants lack personal knowledge and their testimony is inadmissible. *See* FED. R. CIV. PROC. 56(e); *United States v. Kupau*, 781 F.2d 740, 745 (9th Cir. 1986) ("'A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter'") (quoting FED. R. EVID. 602); *United States v. Owen,* No. 84-5015, 1986 U.S. App. LEXIS 23793, at *7 (9th Cir. Apr. 8, 1986) ("Personal knowledge of a fact cannot be based upon the statement of another."); *Pos-A-Traction, Inc. v. Kelly-Springfield Tire Co.*, 112 F. Supp. 2d 1178, 1182 (C.D. Cal. 2000) ("declarant must show actual, personal knowledge of the relevant facts"); *Taylor v. List*, 880 F.2d 1040, 1045 n.3 (9th Cir. 1989) (statements made on information and belief do not raise a triable issue sufficient to defeat summary judgment); *Bank Melli Iran v. Phalavi,* 58 F.3d 1406, 1412 (9th Cir. 1995) (declarations opposing summary judgment made without personal knowledge entitled to "no weight"). For example, to the degree the Mr. Bradford purports to discuss ratemaking in California and AB 1890, his testimony lacks foundation and is inadmissible. *See* Bradford Decl. ¶¶ 6, 7, 10, 11, 13, 14. With no background in issues particular to California's restructuring of utilities, Mr. Bradford has not sufficiently shown through the facts stated that he has personal knowledge and is competent to testify regarding these matters.

For these reasons, which are set forth specifically below with respect to each of the declarations, portions of each of defendants' and TURN's declarations are objectionable and inadmissible, and should be stricken.

## II. SPECIFIC OBJECTIONS TO DECLARATION OF PETER BRADFORD

### 1. ¶ 5

PG&E objects that paragraph 5 is vague, ambiguous and conclusory in its entirety, and particularly with regard to the conclusions the declarant purports to draw. PG&E further objects to this paragraph on the ground that the declarant's conclusions constitute legal arguments which are not proper subjects for a factual declaration. *See* General Objection No. 1.

### 2. ¶ 7

PG&E objects that paragraph 7 contains impermissible legal opinions regarding the scope of the prohibition against retroactive ratemaking and the filed rate doctrine, issues of law reserved for the Court.

Because legal conclusions are improper subjects for a fact declaration, this testimony is inadmissible. *See* General Objection No. 1.

**3. ¶ 10**

PG&E objects to paragraph 10 on the ground that the declarant lacks personal knowledge of any balancing account employed in California from 1976 through 1996. Because the declarant bases his statements and conclusions on inferences drawn from second-hand sources, his testimony lacks foundation and is therefore inadmissible. *See* General Objection No. 2.

**4. ¶ 11**

PG&E objects that paragraph 11 is vague, ambiguous and conclusory in its comparison of California's retail rate freeze as "similar" to other unidentified ratemakeing mechanisms employed by other unidentified States at other unidentified times. PG&E further objects to this paragraph on the ground that the declarant lacks personal knowledge of the matters set forth therein, and thus the testimony is inadmissible. *See* General Objection No. 2.

**5. ¶ 12**

PG&E objects that paragraph 12 is irrelevant and therefore inadmissible. The issue raised by PG&E's motion is whether PG&E is entitled under federal law to recover wholesale procurement costs that it pays under tariffs filed with the Federal Energy Regulatory Commission ("FERC"). The declarant's discussions of the absorption of costs by other utilities under performance-based regulations adopted by other states in an era prior to restructuring has no relevance to the issues raised by PG&E's motion, and thus is inadmissible. FED. R. EVID. 402.

**6. ¶ 13**

PG&E objects that paragraph 13 is vague, ambiguous and conclusory in its entirety as to the terms and phrases used therein, as well as the conclusions the declarant purports to draw. PG&E further objects that the testimony regarding losses occurring in other states is irrelevant and inadmissible with respect to the issues raised by PG&E's motion. Moreover, PG&E objects to this paragraph on the ground that the declarant fails to demonstrate that he has any personal knowledge of the expectations and intent of utilities with regard to utility restructuring, but instead bases his statements and conclusions on inferences, and, seemingly, second-hand sources. This testimony therefore lacks foundation and is inadmissible. Finally, the declarant's statements

regarding any "statutory or constitutional right to recovery of stranded costs" and the legislative intent behind Public Utilities Code sections 367 and 368 are legal conclusions which are not proper subjects for a fact declaration. *See* General Objection Nos. 1, 2.

**7. ¶ 14**

PG&E objects that paragraph 14 is vague, ambiguous and conclusory, and purports to draw legal conclusions regarding AB 1890 and risks purportedly assumed by PG&E. A fact declaration is not the proper forum for legal conclusions. PG&E further objects to this testimony on the ground that the declarant fails to demonstrate that he has any personal knowledge of the negotiations leading to section 368(a) or any risks purportedly assumed by the utilities, but instead bases his statements and conclusions only on inferences and second-hand sources. Lacking such foundation, the testimony is inadmissible. *See* General Objection Nos. 1, 2.

**8. ¶ 15**

PG&E objects that paragraph 15 contains impermissible legal opinions regarding the application of the filed rate doctrine, an issue of law reserved for the Court. Because legal conclusions are improper subjects for a fact declaration, this testimony is inadmissible. *See* General Objection No. 1.

**9. ¶ 16**

PG&E objects that paragraph 16 is vague, ambiguous and conclusory in its entirety as to the phrases used therein, as well as the conclusions the declarant purports to draw. PG&E further objects that the declarant lacks personal knowledge of the underlying information upon which he purports to base his conclusions, but instead bases his statements and conclusions on unidentified sources. This testimony therefore lacks foundation and is inadmissible. *See* General Objection No. 2.

**10. ¶ 21**

PG&E objects that paragraph 21 on the ground that the declarant's characterization of the meaning of a Supreme Court decision constitutes impermissible legal argument, an improper subject for a fact declaration. This testimony is therefore inadmissible. *See* General Objection No. 1.

## III. SPECIFIC OBJECTIONS TO DECLARATION OF MICHAEL P. FLORIO

**1. ¶ 5**

PG&E objects that paragraph 5 contains impermissible legal argument which is not a proper subject

for a factual declaration. PG&E further objects that the declaration does not offer competent evidence of the legislative history of AB 1890. PG&E further objects that the declarant lacks personal knowledge of the underlying information upon which he purports to base his conclusions, but instead bases his statements and conclusions on inferences and unidentified second-hand sources. This testimony therefore lacks foundation and is inadmissible. *See* General Objection Nos. 1, 2.

**2. ¶ 6**

PG&E objects that paragraph 6 is conclusory and lacks foundation to the extent that the declarant purports to offer his opinion as to the meaning of the Restructuring Rate Settlement. The document itself is the "best evidence" of its contents. *See* FED. R. EVID. 1002; *see also Seiler v. Lucasfilm, Ltd.*, 808 F.2d 1316, 1319 (9th Cir. 1986); *Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996). Furthermore, because the Restructuring Rate Settlement speaks for itself, testimony concerning its contents is irrelevant, and thus, inadmissible. *See* FED. R. EVID. 401 and 402; *United States v. Mayans*, 17 F.3d 1174, 1185 (9th Cir. 1994).

**3. ¶ 7**

PG&E objects that paragraph 7 contains impermissible legal opinions regarding the "basic premise of stranded-cost recovery under AB 1890." Because legal conclusions are improper subjects for a fact declaration, this testimony is inadmissible. PG&E further objects to this paragraph on the ground that the declarant lacks personal knowledge of what PG&E supposedly confirmed. This testimony therefore lacks foundation and is inadmissible. *See* General Objection Nos. 1, 2.

**4. ¶ 12**

PG&E objects that paragraph 12 is conclusory and lacks foundation, in that the declarant lacks personal knowledge of "PG&E's view" regarding rate freeze accounting, but instead bases his statements and conclusions on inferences drawn from documents or other second-hand sources. This testimony lacks foundation and is therefore inadmissible. *See* General Objection No. 2.

**5. ¶ 13**

PG&E objects that paragraph 13 is conclusory and lacks foundation, in that the declarant purports to offer his opinion as to the relevant period of analysis of cost recovery under the Restructuring Rate Settlement. The document itself, however, is the "best evidence" of its contents. *See* FED. R. EVID. 1002; *see also Seiler v. Lucasfilm, Ltd.*, 808 F.2d at 1319; *Mitchell v. Dupnik*, 75 F.3d at 527 . Furthermore, because the Restructuring

Rate Settlement speaks for itself, testimony concerning its contents is irrelevant, and thus, inadmissible. *See* FED. R. EVID. 401, 402; *United States v. Mayans,* 17 F.3d at 1185; General Objection No. 2.

**6. ¶ 14**

PG&E objects that paragraph 14 is conclusory and lacks foundation. Furthermore, because the declarant lacks personal knowledge of PG&E's expectations regarding any offset of incurred costs, but instead bases his statements and conclusions on inferences, this testimony is inadmissible. *See* General Objection No. 2.

**7. ¶ 15**

PG&E objects that paragraph 15 is vague, ambiguous and conclusory. Furthermore, because the declarant lacks personal knowledge of PG&E's views or expectations regarding the recovery of any undercollection during the rate freeze period, but instead bases his statements and conclusions on inferences drawn from documents or other second-hand sources, this testimony lacks foundation and is therefore inadmissible. *See* General Objection No. 2.

**8. ¶ 17**

PG&E objects that paragraph 17 is vague, ambiguous, and conclusory. Because the declarant purports to define the scope of a statute's application, this testimony constitutes legal argument and is an improper subject for a fact declaration. *See* General Objection No. 1.

**9. ¶ 18**

PG&E objects that declarant's statement that "[T]he CPUC embraced PG&E's proposal to ensure that current costs were fully collected on a monthly basis, with reductions in recorded transition cost recovery whenever revenues from the frozen rates were insufficient to achieve such full cost recovery in any particular month" is vague, ambiguous, conclusory, and argumentative. Because the declarant lacks personal knowledge of any proposal made by PG&E, but instead bases his statements and conclusions on inferences, this testimony is inadmissible. Furthermore, the best evidence of PG&E's proposal is embodied in the documents stating the proposal. *See* FED. R. EVID. 1002; *see also Seiler v. Lucasfilm, Ltd.,* 808 F.2d at 1319; *Mitchell v. Dupnik,* 75 F.3d at 527 . Furthermore, because the PG&E's Advice Letter 1705-E speaks for itself, testimony concerning its contents is irrelevant, and thus, inadmissible. *See* FED. R. EVID. 401 and 402; *United States v. Mayans*, 17 F.3d at 1185; General Objection No. 2.

**10. ¶ 21**

PG&E objects that declarant's statement that "The changes adopted in D.01-03-082 returned the rate freeze accounting to the methods originally proposed by PG&E and originally adopted by the CPUC in Resolution E-3514, as the CPUC specifically disavowed the faulty logic of Resolution E-3527" is vague, ambiguous, conclusory, and argumentative. Because the declarant lacks personal knowledge of accounting methods proposed by PG&E, but instead bases his statements and conclusions on inferences, this testimony is inadmissible. Furthermore, the best evidence of PG&E's proposal is embodied in the documents stating the proposal. *See* FED. R. EVID. 1002; *see also Seiler v. Lucasfilm, Ltd.*, 808 F.2d at 1319; *Mitchell v. Dupnik,* 75 F.3d at 527 . Furthermore, because the documents speak for themselves, testimony concerning its contents is irrelevant, and thus, inadmissible. *See* FED. R. EVID. 401 and 402; *United States v. Mayans,* 17 F.3d at 1185; General Objection No. 2..

**11. ¶ 24**

PG&E objects that declarant's statement that "Cash flow, while a matter of operational importance to ensure that the utility does not run out of cash to cover its day-to-day costs (say, by sending $10 billion in 'dividends' to its parent company and then finding that it did not leave enough working capital to pay its bills), is not the economic issue of any consequence" is vague, ambiguous, conclusory, and argumentative. Furthermore, because the declarant lacks personal knowledge of PG&E's revenues, cash flow, or payments, but instead bases his statements and conclusions on inferences, this testimony is inadmissible. *See* General Objection No. 2.

**12. ¶ 25**

PG&E objects that the phrase "all of [PG&E's] current costs of doing business" is vague, ambiguous, conclusory, and lacks foundation. Moreover, as the declarant purports to draw a summary conclusion based on prior testimony, PG&E incorporates by reference each and every one of its objections to the Freedman Declaration. *See* PG&E's Evidentiary Objections and Request To Strike, filed May 3, 2002, ¶ 1-8; General Objection No. 2.

**13. ¶ 27**

PG&E objects that the statement that "PG&E has recovered more than it spent on its operating costs, including its power purchases, during the rate freeze period" and the term "operating costs" are vague,

ambiguous and conclusory as used. PG&E further objects on the ground that the declarant lacks personal knowledge of revenues received or costs incurred by PG&E. Lacking such foundation, this testimony is inadmissible. Furthermore, as the declarant purports to draw a summary conclusion based on his prior testimony, PG&E incorporates by reference each and every one of its objections to preceding paragraph 17. *See* General Objection No. 2.

**14. ¶ 28**

PG&E objects to paragraph 28 on the ground that it is conclusory and otherwise lacks foundation. Furthermore, as the declarant purports to draw a summary conclusion based on his prior testimony, PG&E incorporates by reference each and every one of its objections to preceding paragraph 13. *See* General Objection No. 2.

**15. ¶ 29**

PG&E objects to paragraph 29 on the ground that it is conclusory and otherwise lacks foundation. Because the declarant lacks personal knowledge of which revenues were available to PG&E to apply against its operating costs, but instead bases his statements and conclusions on inference, this testimony is inadmissible. *See* General Objection No. 2.

## IV. SPECIFIC OBJECTIONS TO DECLARATION OF JAMES LOEWEN

**1. ¶ 2**

PG&E objects to paragraph 2 on the ground that the declarant's statement that "It is reasonable to conclude that PG&E would have saved far more money had it fully availed itself of its authorization to purchase in the BFM" is vague, ambiguous, conclusory, and speculative. PG&E further objects that the declarant lacks personal knowledge of what impact a different procurement strategy by PG&E would have had on the strategies of other participants and potential participants, as well as the effect on market price. *See* Falk Declaration, ¶6. This testimony therefore lacks foundation and is inadmissible. *See* General Objection No. 2.

**2. ¶ 7**

PG&E objects to paragraph 7 & Exhibit A on the ground that the declarant's statement that "PG&E would have saved far more in procurement expenses if it had fully availed itself of its BFM hedging allotment" is vague, ambiguous, and conclusory. PG&E further objects that the declarant fails to describe, even in the most minimalist fashion, how he purports to calculate the "savings" PG&E supposedly could have made had it

pursued a different procurement strategy. This testimony therefore lacks foundation and is inadmissible. Finally, PG&E objects that the declarant's hypothesis about how the market would have reacted to any changes in PG&E's procurement strategy is irrelevant, and thus inadmissible, for the reasons described in PG&E's Motion for Summary Judgment. *See* General Objection No. 2.

**3. ¶ 8**

PG&E objects to paragraph 8 on the ground that the declarant's statement that "It is extremely unlikely that greater takes in the BFM, especially where these were procured before May 2000 for delivery after May 2000, when the market began seriously malfunctioning, would have driven forward prices up anywhere near the level of prices later displayed in the dysfunctional short-term markets" is vague, ambiguous, conclusory, and sheer speculation. PG&E further objects to the extent the declarant purports to hypothesize about how the California market would have reacted to changes in PG&E's procurement strategy, in that the declarant lacks personal knowledge of what impact a different procurement strategy would have had on the strategies of other participants and potential participants, as well as its specific effect on market price. *See* Falk Declaration, ¶6. This testimony therefore lacks foundation and is inadmissible. Finally, PG&E objects that the declarant's hypothesis about how the market would have reacted to any changes in PG&E's procurement strategy is irrelevant and thus inadmissible, for the reasons described in PG&E's Motion for Summary Judgment. *See* General Objection No. 2.

**2. ¶ 10**

PG&E objects to paragraph 10 and Exhibit B on the ground that it is vague, ambiguous and conclusory in its entirety. PG&E further objects to this testimony on the ground that the declarant fails to demonstrate that he has any personal knowledge about PG&E's transactions in the PX BFM, but instead bases his statements and conclusions on an apparent interpretation of second-hand documentary evidence. PG&E further objects that the declarant fails to identify the PX data response underlying his summary, and to explain, even in the most minimalist fashion, how he performed the calculations. Lacking such a foundation, the testimony and Exhibit B are inadmissible. *See* General Objection No. 2.

## V. SPECIFIC OBJECTIONS TO DECLARATION OF DOUGLAS LONG

**1. ¶ 3**

PG&E objects that the phrase "PG&E's own records" is vague and ambiguous. PG&E further objects

to this paragraph on the ground that the declarant lacks personal knowledge of the revenues received by PG&E or the costs incurred by PG&E, but instead bases his statements and conclusions on an apparent interpretation of second-hand documentary evidence. This testimony therefore lacks foundation and is inadmissible. *See* General Objection No. 2.

**2. ¶ 4**

PG&E objects that the phrase "PG&E's own records" is vague and ambiguous. PG&E further objects to this paragraph on the ground that the declarant lacks personal knowledge of the revenues received by PG&E or the costs incurred by PG&E, but instead bases his statements and conclusions on an apparent interpretation of second-hand documentary evidence. This testimony therefore lacks foundation and is inadmissible. *See* General Objection No. 2.

**3. ¶ 5 and Exhibit D**

PG&E objects to paragraph 5 and Exhibit D on the ground that the declarant lacks personal knowledge of the revenues received by PG&E or the costs incurred by PG&E, but instead bases his statements and conclusions on an apparent interpretation of second-hand documentary evidence. PG&E further objects that the declarant fails to identify the discrete data underlying his summary, and to explain, even in the most minimalist fashion, how he performed the calculations. Lacking such a foundation, the testimony and Exhibit D are inadmissible. *See* General Objection No. 2.

**CONCLUSION**

For all of the foregoing reasons, PG&E requests that its objections to the Declarations of Matthew Freedman and Douglas Long be sustained, and that the inadmissible portions of those declarations be stricken by the Court.

DATED: May 10, 2002

Respectfully submitted,

HELLER EHRMAN WHITE & McAULIFFE LLP

By /s/ Marie L. Fiala
MARIE L. FIALA
Attorneys for Plaintiff
PACIFIC GAS AND ELECTRIC COMPANY